JOSEPH A. SERRA, Appellant, v. HELEN L. SERRA, Respondent.— In an action by a husband to declare void his marriage to defendant because of the invalidity of the Mexican divorce decree which she had obtained from her former husband, in which defendant has interposed a counterclaim for separation on the ground of abandonment, the plaintiff husband appeals from a judgment of the Supreme Court, Queens County, entered June 15, 1959, dismissing his complaint and granting a separation to defendant wife on her counterclaim. Judgment modified on the law and the facts: (a) by striking out its first three decretal paragraphs; and (b) by substituting therefor a provision declaring that the marriage between plaintiff and defendant is void on the ground that at the time defendant contracted such marriage she was lawfully married to one Daniel O'Connor, from whom she had failed to obtain a valid decree of divorce; a provision declaring that on May 21, 1939, at the time defendant married plaintiff, she did not have the legal capacity to enter into such marriage; and a provision dismissing defendant's counterclaim for separation on the ground of plaintiff's abandonment. As so modified, the judgment is affirmed, without costs. The following inconsistent formal findings of fact are reversed: 7th, 8th, 9th, 10th and 11th. The following new findings of fact are hereby made: (1) that defendant never resided in the State of Coahuila, Mexico, from whose court she purportedly obtained a decree on December 22, 1938, divorcing her from her first husband, Daniel O'Connor; (2) that defendant never appeared in any court in the State of Coahuila, Mexico, in connection with any divorce action between her and her said first husband; (3) that the courts in the State of Coahuila, Mexico, did not have jurisdiction of the matrimonial *res* between defendant and her said first husband and did not acquire jurisdiction over either of them in any action for divorce between them; (4) that the said purported decree of divorce, dated December 22, 1938, between defendant and her said first husband, is void. The Mexican divorce decree should not have been admitted in evidence because it was not authenticated as required by section 395 of the Civil Practice Act. If we give defendant the full benefit of this exhibit, however (cf. *Flora* v. *Carbean*, 38 N. Y. 111), the evidence is nevertheless insufficient to establish a valid decree of divorce. Defendant admitted that she did not appear in Mexico and did not testify in the Mexican court when the decree was issued.

She was in New York at the time the decree was obtained for her by her sister who lived in California. Defendant's former husband testified that he "signed papers" for her, but there is no proof that what he signed was a notice of appearance, nor does the decree recite his appearance. (*Alfaro* v. *Alfaro*, 7 N Y 2d 949.) Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.